-














Affirmed and Memorandum
Opinion filed October 28, 2003.

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00085-CR

____________

 

ANDRE GILMORE, SR.,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 21st District Court

                                                      Washington
 County, Texas                  

Trial Court Cause
No. 13,656




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant
Andre Gilmore Sr. was charged by indictment with the second-degree-felony
offense of aggravated assault causing serious bodily injury, and the state-jail-felony
offense of injury to a child.  A jury
found him guilty on both counts, and the trial court assessed punishment at
confinement for eight years and two years, respectively, with the sentences to
run concurrently.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion. See Tex. R. App. P. 47.1.  We affirm.

            Appellant’s
sole complaint on appeal is that the evidence is factually insufficient to
sustain his conviction for aggravated assault, and therefore his conviction for
injury to a child as well.  A person
commits an aggravated assault by intentionally, knowingly, or recklessly
causing serious bodily injury to another. See
Tex. Pen. Code §§
22.01(a)(1) & 22.02(a)(1).  Bodily injury is “serious” if it causes serious
permanent disfigurement or protracted loss of any bodily member.  Tex. Pen. Code §§ 1.07(a)(8)
& (a)(46).  We apply the usual
standard of review.  See King
v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).

            At
trial, Brandy Gilmore testified that in an effort to keep her from leaving home
after an argument, appellant pushed her down the front steps.  Dr. Charles Smith, who operated on her later
that evening, testified her leg had to be amputated because all ligaments
connecting her thigh and lower leg had been torn, and arterial damage had cut
off all circulation to the lower leg. 
Against this evidence, appellant testified he did not push Brandy.  We conclude there was factually sufficient
evidence to allow a rational trier-of-fact to find
appellant committed aggravated assault.  

            In
his brief, appellant argues the State failed to prove two elements in the jury
charge—that Brandy broke her leg and that she fell from a porch.  But our sufficiency review is measured
against the elements as defined by a hypothetically correct jury charge.  Fuller v. State, 73 S.W.3d 250, 252 (Tex. Crim.
App. 2002).  This hypothetical charge disregards all
additional allegations unless they are material—that is, they deprived him of
notice of the charges or subjected him to the risk of a later prosecution for
the same offense.   Id. at 253. 

            Here,
appellant could not have been confused about the incident with which he was
charged or the severity of Brandy’s injuries. 
Moreover, his defense at trial was that he did not place his hands on
Brandy and thereby cause her fall.  Thus,
the variances claimed by appellant could not have confused him about the
charges or impaired his ability to present an adequate defense.  Therefore, we hold the asserted variances are
immaterial and must be disregarded in our sufficiency review.

            Appellant’s
arguments regarding his conviction for injury to a child turn solely on his challenge
to the aggravated assault conviction, so we reach the same disposition on them.  Appellant’s sole issue presented for review
is overruled, and the judgment is affirmed.

 

 

 

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Judgment rendered and Memorandum Opinion
filed October 28, 2003.

Panel consists of Chief Justice Brister and
Justices Anderson and Seymore.

Do Not Publish — Tex. R. App. P.
47.2(b).